Cross J., delivered the opinion of the court. The defendant brought debt in the court below against the plaintiffs as the securities on the official bond of Abram Sinclair, late sheriff of Johnson county. The declaration recites the bond with proferí of a certified copy, and assigns various breaches of its condition. Process having been served, the plaintiffs appeared, and, by demurrer, questioned the sufficiency of the declaration; first, on .account of the omission of profert of the condition of the bond ; and .secondly, as to the assignment of broaches. The demurrer was sustained as to some of the breaches, but overruled as to others, and the omission of profpit. A judgment was thereupon rendered for the penalty of the bonpl, and an order made that “a jury come instanter to inquire what damages the said Wallace has sustained by reason of the aforesaid breaches &c.” In accordance with this order, a jury came and was sworn “to inquire into and assess the damages,” and “after hearing the evidence <fcc. returned into court the following verdict, to wit: “We the jury do find that the defendants have broken their covenant as specified in the first breach as .assigned in said declaration, and do assess damages against them because of said breach to the amount of <fcc.” Final judgment was entered upon this verdict, and its reversal is the object of the writ of error.. The various grounds relied upon to reverse the judgment are set forth in the assignment of errors. These, so far as they are deemed material, will be noticed in the order they are presented by the record: andfirst, as to the omission of profert of the condition of the bond. As a general rule it seems to be well settled that where the plaintiff has no right to the possession of the deed declared upon, and in the case of public records, no profert is necessary. 1 Saund. 9, note 1. 1 Ves. 394. 1 Term. R. 149. And if made in such cases, it is but surplusage and does not entitle the defendant to oyer. 1 Saund. 317; note 2, 1 Chitty 350. This rule applies to the originals of sheriffs’ and all other official bonds, the possession of which is neither with, nor under the control of the party who brings the suit, but does not in our judgment supersede the necessity for pro-fert of a certified copy. By express statutory provisions such copies are made “evidence to the same extent as the originals.” See Rev. Stat. sec. 11, p. 371, and the reasons for profert in the case of an original deed or bond of which the party is possessed apply with equal force to that of a copy. If dispensed with in the latter case, having no right to oyer, the defendant would be unable to avail himself of defects not appearing upon the face of the declaration, a variance &c. and thus the provision of the statute, whilst it increased the rights of one party, would, if it did not lessen, materially affect those of the other. No such consequence could have-been intended, and certainly doés not necessarily arise from its language. Besides, so far as sheriffs’ bonds are concerned there-can be no excuse- for the omission. By Rev. Stat. sec. 3, p. 727, bonds of this description are required to be filed and recorded in the recorder’s office of the proper c'ounty, whereby they become public records of which, any one, on application may procure a copy. Proferí of such copy necessarily includes the condition as well as the bond, the former being prescribed by kw and indispensable to the binding force of the bond in its official character. The decía--ration in the case before us, after reciting in the usual form, as to-date, place and manner of execution, has the following language,“a certified copy of which said writing obligatory is now to the court here shown.” This is sufficiently comprehensive and embraces the condition of the bond as fully and as certainly as if the words “and also the condition thereof” had been added. 2: As to the assignment of breaches. It is well settled that where there are- several breaches assigned or counts in a declaration, some of which are good and others bad, on demurrer, the judgment must' be for the plaintiff. 1 Chitty 643. Com. Dig. Pleader (243) 1 Saund. 286, note, 9. Sumner vs. Ford & Co. 3 Ark. R. 404. Lathe present case, although a portion of the breaches are badly assigned,-the first is believed to be good in substance, and therefore-the judgment was properly given on the demurrer for the defendant in error. Thus far the proceedings, if not technically correct,appear to have been sufficiently so, to the extent at least they are" presented by the record in such shape as to entitle them to notice-The first step afterwards, however, which constitutes the next objection to be considered, was otherwise. 3: The order for a jury is defective in embracing the ’assessment of damages only and omitting altogether an inquiry as to the-- ’ truth of the breaches. The statute requires that both should be’ included. Rev. Stat. sec. 1, p. 609. 4: In-swearing the jury also the record does not show that an inquiry as to? the truth of the breaches was unbraced. The plaintiffs were certainly entitled to any benefit arising from the influence of an oath upon the consciences of the jury as fully in relation to the breaches as the damages. The omission was held to be error in the case of Phillips and Martin vs. The Gov. &c. heretofore decided by this court. 5 : The verdict per sé is well enough, but, having been returned by a jury sworn only to assess damages, although inclusive of the breaches, is no better than if they had not been mentioned. 6 : It only remains to add that the final judgment rendered upon a verdict thus found is fatally defective and must be reversed. The cauáe therefore is remanded to the circuit court from whence it came, there to be proceeded in in accordance with this opinion.